No. 4269.

## (Court of Appeal, Parish of Orleans.)

# PEOPLE'S HOMESTEAD CO. VS. JOHN C. STAUB AND CHARLES E. STAUB.

1. Though intended and purporting to be in conformity with the provisions of Act 180 of 1894, the bond in this case is not good as such, for the reason that it is made for a sum equal to the price; this has been held to be insufficient to protect both the owner and the statutory beneficiaries; the latter in such a case have no recourse against the surety, but must look to the owner.

2. The integrity of the bond as a conventional one however, is not impaired and under the plain terms of the contract and the bond, which must be read together, the surety is liable to the owner for any sum paid for material, debts of the defaulting contractor.

3. The owner was not obligated to take a statutory bond, and the fact that he so intended, but through error or misapprehension of some kind failed to do so, has the effect simply of eliminating from the operation of the bond those whom it is the design of the statute (Act 180 of 1894), to protect, but leaves the bond intact as between the parties to the instrument.

Appeal from Civil District Court, Division "E."

Carroll & Carroll, Merrick & Lewis, for Plaintiff and Appellee.

Rice & Montgomery, for Defendant and Appellant.

ESTOPINAL, J. Plaintiff entered into a contract with John C. Staub to build a certain house for the sum of $6,300, obligating himself therein to furnish all materials and to pay all laborers, etc., and Charles E. Staub obligated himself in a conventional bond as surety for the contract in favor of plaintiff to the full extent of John C. Staub's (the contractor) obligation to plaintiff. The bond read as follows:

"Charles E. Staub, of New Orleans, La., acknowledges to have taken full cognizance of the within contract between John C. Staub and the People's Homestead Association, its successors or assigns, and all other persons who may have rights against said contracting parties, under the provisions of Act No. 180 of 1894, in the sum of Sixty-three Hundred Dollars, for which payment, well and truly to be made to said People's Homestead Associa-

6

tion, its successors or assigns, and to all other persons who may have rights hereunder, the undersigned hereby binds himself, and his heirs or assigns, as surety for said contract (*sic*).

"Now the condition of the above obligation is, that, if the said John C. Staub, contractor, shall well and faithfully perform all the obligations assumed by him in said contract, and shall and truly pay all the workmen, mechanics and laborers upon said building, and all those who furnish materials and supplies actually used in said building, then this bond shall become null and void, otherwise to remain in full force and effect; it being the object and intention of the surety herein to bind himself for the full and faithful performance of the obligations of said John C. Staub, contractor, and for all the obligations of said John C. Staub, contractor, and for all the obligations of the surety required by the provisions of Act 180 of 1894, in favor of said People's Homestead Association, its successors or assigns, and all workmen, mechanics and laborers upon said building, and all those who furnish materials and supplies actually used in said building."

John C. Staub having defaulted, was dispossessed by the plaintiff, and the building was completed by the latter.

"The Alfred Hiller Co., Ltd., obtained a judgment against plaintiff upon a debt incurred by John C. Staub, the contractor, for materials furnished for the building. Plaintiff paid this judgment and then brought this suit against John C. Staub and his surety to recover the amount so paid."

Defendants urge that the conditions of the bond do not make it obligatory for them to reimburse the plaintiff. The bond, as we appreciate the situation, is not to be read and considered alone, but should be read into or in connection with the contract (building) which provoked it. This is self-evident from the very terms of the contract, which are as follows:

"Contractor must, at his own expense and responsibility, furnish all labor and material necessary for the erection and entire completion of the works." Specifications, p. 31.

"I will furnish all labor and material necessary to complete a two-story single dwelling according to plans and specifications ....for the sum of Sixty-three Hundred Dollars in a true and workmanlike manner." Specifications, p. 32.

And in the contract proper.

7

"I agree that I will do said work in strict accordance with the drawings and specifications according to this proposal, and to be annexed to and identified with this contract." Contract, Art. I.

"I will furnish all the labor, tools, materials, appliances, scaffolding and cartage of every description necessary to do said work, and deliver up the works free from all leins and all claims for labor and material to you in perfect repair." Contract, Art. II.

"Provided further, that in each case of payment to me I will, if required, previously exhibit a certificate from the Recorder of Mortgages that no liens or claims growing out of my connection therewith are recorded against said works, neither shall there be any legal claims against me in any manner affecting you or said works, and all payments made by you are to be made under these conditions." Contract, Art. III.

True, the opinion of this Court in the matter of the Alfred Hiller Company, Limited vs. People's Homestead Association, was based upon the failure of the plantiff to require of the contractor good and solvent security to the full amount of the contract for the payment of all the workmen, material, etc., etc., *as provided by Act No.* 180 *of* 1894, such failure to proceed under the provisions of the Act cited supra, making the Homestead Association liable for moneys due labor and material men; but the integrity of the conventional bond herein is not affected. It is the law between the parties. Material men and others may not look for payment under it to the surety or the principal on the bond; but, certainly, if the owner, by reason of the default of the contractor has had to pay obligations contracted by the builder under his contract and specifications, the latter and the surety on his bond are accountable to the owner for such payments.

The conventional bond was in favor of plaintiff to protect him in case of a default in carrying out his contract. It is idle to contend that the owner is not as well protected by a conventional bond as he would have been a statutory bond.

The owner was not obliged to take a statutory bond.

The debt contracted with the Hiller Company was that of John C. Staub for materials used in plaintiff's building, and in consequence the latter was required to pay it.

8

Defendant contends that the record and the opinion and decree of this Court in suit Hiller Company vs. The People's Homestead Association show that the Homestead Association was not condemned because it has failed to require the statutory bond, but was condemned solely because of its own laches.

The failure to require the statutory bond is the basis, the proximate cause of the liability, say defendants.

That contention may be correct insofar as it gives the furnisher of materials, in the absence of a statutory bond, a right of action against the owner, but the owner is none the less secured by the conventional bond. The contractor defaulted, leaving unpaid certain claims assumed and paid by the owner, the present plaintiff. Is not this owner entitled to recoup himself by demanding of the surety on the bond, entered into in perfect good faith, and therefore absolutely binding upon the parties, that he pay that which he obligated himself to pay? We certainly think so.

It is suggested by defendant that the reservation made in the opinion of this Court in re. Hiller Company vs. Homestead Association, Vol. 3, p. 100, reserving to the owner the right to demand of Charles E. Staub, Surety, the reimbursement of the amount decreed against it in favor of the Albert Hiller Company, Ltd., was purely obiter. This is perhaps correct, inasmuch as the Court was not called upon to pass upon that issue in that suit, and the reservation could, therefore, have been omitted, but we adhere to the opinion as indicated in the case cited *supra*, in which we made the reservation, that the right of the owner to seek and obtain reimbursement from the surety is unquestioned.

We find no reason to disturb the judgment appealed from, and it is, therefore, affirmed with costs.

November 11, 1907.

Rehearing refused Dec. 9, 1907.

Writ denied by Supreme Court Jan. 20, 1908.